Pearson, J.
 

 The levy, (supposing it to be sufficient), and return of the executions, gave the County Court jurisdiction, so as to make applicable, the rule,
 
 omnia presumwntv/r rite esse aeta,
 
 in favor of a third person, who is a purchaser under the sheriff’s sale. The
 
 venditioni exponas,
 
 gave the sheriff power to sell.- If the sale, made under it, could be treated as a nullity, by reason of a supposed irregularity in not setting out, either upon the record of the County Court, or in the vendi-tioni exponas, what disposition had been made of the personal property levied on, all prudent persons would be deterred from bidding for land at sheriff’s sale. Accordingly, it is established, by several decisions of this Court, to be agaiustpublic policy to require persons, who are not parties to the proceedings, to see, at their peril, that all the'preliminary proceedings have been taken, and duly set out; such as notice to the debt- or — advertisement by the sheriff — a regular postponement of the sale, where it is made on any day of the return term other than Monday — that the debtor had no goods and chattels, or that the goods and chattels, levied on-, had been other-wis&dnly disposed of.
 
 Jones
 
 v.
 
 Austin,
 
 10 Ire. Rep. 20;
 
 Reid
 
 v.
 
 Largent,
 
 ante, 454.
 

 In regard to the sufficiency of the description of the land, set out in the levy, we do not concur in the view, taken by his 'Honor. The statute requires that the levy should specify the land,
 
 “
 
 where situate — on what -water course, and whose land, adjoins. ”
 
 Huggins
 
 v.
 
 Ketchum,
 
 4 Dev. and Bat. Rep. 414;
 
 Smith
 
 v.
 
 Low,
 
 2 Ire. Rep. 457, and other cases, decide that the precise mode of description, used in the statute, need not be pursued, but that any other mode of description will answer, provided the land is as clearly
 
 identified by it,
 
 as it would be if the description required by the statute, had been given ; for instance, the debtor’s
 
 home place,
 
 or
 
 Lynn place.
 
 This departure is permitted, on the ground, that the object of the statute, in requiring a description, being to inform the
 
 *462
 
 sheriff what land he was to sell, and to enable bidders, and other persons, to know what land was offered for sale* ma,y be as well effected by other modes of description, as that indicated in the. statute j and, consequently, another mode of description will suffice, provided the land is thereby as well identified.
 

 The description, made in the levj" in this case is, “ three tracts of land, taken as the property of Leonard and "William Higdon, on Caney Fork, containing three hundred and sixty acres.” This description is as vague and indefinite as could well be ; it describes nospecific land — -does not even say whether the three tracts are in detached parcels, or adjoin each other — or how much each contains. Several witnesses swear, that one of the tracts was well known in the neighborhood, as the property of Leonard Higdon — was
 
 Ms residence,
 
 and that he owned no other land in the county, and they conclude, “that the.land would be as well known by the description in the levies, as by any other, and as well known as if described according to the requisitions of the statute.” This conclusion could not be established by the oath of fifty witnesses ; for the simple reason, that it is impossible for it to be true.
 

 The witnesses, and his Honor, in the Court below, fell into error by not distinguishing between that which is
 
 a fart c-f the description,
 
 and that which is merely
 
 evidence of a collateral fad.
 
 If the description had contained these additional words, “ one of the said tracts, being the residence of Leonard Hig-don, and the other two tracts, adjoining the same,” then the facts, stated by these witnesses, would have established the truth of the conclusion; but without this addition to the cle scription, the fact, that Leonard Higdon resided on one of the tracts, was simply collateral, and the insufficiency of the description could be in nowise aided by it. Plow could that fact enable the sheriff to tell what land he was to sell, or enable bidders, or other persons, to know what land he was selling? They had to he governed by the description set out in the levy, and that, as we have seen, was too vague and indefinite to identify,any land.
 

 
 *463
 
 If, although the description in a levy is not sufficient, a sale under it can bo made good by proof of facts which are not set out as part of the description, the effect will be to defeat the operation and purposes of the statute, and allow land to be sold without the safe-guards which the Legislature has provided against fraud and surprise.
 
 Philipse
 
 v. Higdon, Busb. Rep. 380.
 

 The Court erred in leaving “the point, as to the sufficiency of the proofs to identify the land, to the jury as a question of fact,” and the plaintiff was entitled to the instruction asked for, “ that the evidence was, in law, insufficient to establish that point,” because there was no part of the description to which the evidence was applicable. In directing the jury to inquire “whether
 
 this description
 
 is as certain, (i. e. locates the land as definitely, as that required by the statute,”) his Honor, evidently, confounds the
 
 description in the levy,
 
 with the
 
 proof
 
 offered in regard to matter, to which no part of the description referred.
 
 Venwe de novo.
 

 Pub OubiaM. Judgment reversed.